UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION


| | | |
|---|---|---|
| TOM MAHON | ) | CASE NO. |
| 2150 Fairfax  Ave | ) | |
| Hamilton, Oh  45015 | ) | |
| | ) | |
| On behalf of himself and all others | ) | **PLAINTIFFS' COLLECTIVE** |
| similarly situated, | ) | **ACTION COMPLAINT** |
| | ) | |
| Plaintiffs, | ) | |
| | ) | (Jury Demand Endorsed Herein) |
| v. | ) | |
| | ) | |
| | ) | |
| ALL AROUND TRANSPORTATION, | ) | |
| INC. | ) | |
| c/o Patricia A. Parrish, statutory agent | ) | |
| 1885 Chaucer Drive | ) | |
| Cincinnati, OH 45237-1312 | ) | |
| | ) | |
| and | ) | |
| | ) | |
| PATRICIA A. PARRISH | ) | |
| 1885 Chaucer Drive | ) | |
| Cincinnati, OH  45237-1312 | ) | |
| | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | |

Now comes Plaintiff Tom Mahon (hereinafter, "Plaintiff"), by and through counsel, on

behalf of himself and all others similarly situated (hereinafter the "FLSA Collective"), and for

their Complaint against Defendants All Around Transportation, Inc. (hereinafter "All Around")

and Patricia A. Parrish (collectively "Defendants") states and alleges the following:

**INTRODUCTION**

1.      Plaintiff brings this "collective action" lawsuit on behalf of the FLSA Collective as a result of Defendants' violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219 and the Ohio Minimum Fair Wage Standards Act, O.R.C. §4111.01, *et seq.* (OMFWSA) by virtue of Defendants' practice, policy and procedure of failing to pay non-exempt employees overtime compensation for hours worked in excess of forty (40) per workweek.

2.      Plaintiffs also bring this action under Ohio law, O.R.C. § 4113.15, to remedy Defendants' deliberate failure to pay all wages due on scheduled paydays.

3.      Plaintiffs further bring this action for Defendants' failure to pay Plaintiff and all similarly situated employees for all hours worked.


**JURISDICATION AND VENUE**

4.      This Court has jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

5.      This Court has supplemental jurisdiction over Plaintiff's state-law claims under 28 U.S.C. § 1367 because these claims are so related to the FLSA claims as to form part of the same case or controversy.

6.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because some or all of the Defendants reside within this Court's jurisdiction, and because all, or a substantial part of, the events or omissions giving rise to Plaintiffs' claims occurred within this Court's jurisdiction.

## PARTIES

7.      At all times relevant herein, Plaintiff Tom Mahon was a citizen of the United States and a resident of Butler County, Ohio.

8.      At all times relevant herein, Plaintiff and the FLSA Collective were employees within the meaning of 29 U.S.C. § 203(e) and O.R.C. §§ 4111.01, *et seq.*

9.      Defendant All Around Transportation, Inc. is a corporation organized under the laws of the State of Ohio.

10.     Defendant Patricia A. Parrish is a principal of All Around Transportation, Inc.

11.     All Around Transportation, Inc. was organized and formed to engage in the operation of a vehicle transportation service.

12.     At all times relevant herein, Defendant All Around maintained its principal place of business in Cincinnati, Hamilton County, Ohio.

13.     All Around provides transportation services to customers throughout the Greater Cincinnati, Ohio area.

14.     All Around's customers include individuals eligible for benefits from Medicaid and Medicare.  Many of the transportation services provided by All Around are ultimately reimbursed by Medicaid and/or Medicare.

15.     Upon information and belief, at all times relevant herein, Defendants Patricia A. Parrish maintained and exercised operational control over Defendant All Around, including, but not limited to exercising control and discretion regarding employment decisions, establishing rates of compensation for individual employees, and establishing payroll practices and procedures.

16.     Defendants' exercise of control over Defendant All Around included directing that specific individuals be placed on the company's payroll, controlling the expenditure of company funds to cover payroll, and managing payroll practices and procedures involving overtime pay.

17.     At all times relevant herein, Defendants were and are employers within the meaning of 29 U.S.C. § 203(d) and O.R.C. §§ 4111.01, *et seq*.

18.     Upon information and belief, at all times relevant herein, Defendant Patricia A. Parrish was a resident of the State of Ohio.

19.     At all times relevant herein, Defendants were an enterprise within the meaning of 29 U.S.C. § 203(r) and O.R.C. §§ 4111.01, *et seq*. At all times relevant herein, Defendants were and are an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(s)(1).

20.     At all times relevant herein, Defendants had annual revenue in excess of $500,000.00.

21.     Written consents to join this action, as and when executed by other individual plaintiffs, will be filed pursuant to 29 U.S.C. § 216(b).


**FACTUAL ALLEGATIONS**

22.     On or about May, 2014 Plaintiff Mahon began his employment with Defendants. Plaintiff worked as a driver between May, 2014 and approximately January 16, 2015.  Mahon transported customers throughout the greater Cincinnati area.

23.     Plaintiff Mahon was hired as an hourly worker at a rate of $8.00 per hour.

4

24.     Plaintiff Mahon began each workday by inspecting his assigned vehicle to insure its safe operation.

25.     Plaintiff Mahon received a manifest each day that detailed the customers he would transport and the times and locations where he would pick up and drop off each customer.

26.     In between transportation assignments, Plaintiff Mahon would perform other duties including additional vehicle inspections and maintenance such as cleaning the vehicle.

27.     Plaintiff Mahon would refuel his assigned vehicle at the conclusion of each work day in preparation for the next work day.

28.     The duties performed by Mahon throughout the day were typical of the duties performed by other similarly situated employees.

29.     Plaintiff Mahon consistently worked more than 40 hours per week for Defendants. However, Defendants refused to pay overtime to Plaintiffs and similarly situated workers at a rate of 1.5x the regular rate for each hour worked over 40 in a single workweek, contrary to the FLSA, 29 U.S.C. § 207, and OMFWSA, O.R.C. § 4111.03.

30.     Further, Defendants failed to pay Mahon and similarly situated employees for all hours worked.  Rather, regardless of the total number of hours Mahon and similarly situated employees worked each week, Defendants only paid for 40 hours.

31.     After January 1, 2015, Plaintiff Mahon's hourly rate remained at $8.00 per hour. The effective hourly minimum wage for Ohio employees as of January 1, 2015 was $8.10 per hour.

32.     The above payroll practices were widespread and resulted in overtime wage violations of the FLSA, 29 U.S.C. §§ 201-219; and O.R.C.  Chapter 4111.

33.     Plaintiff and other employees complained about Defendants' failure to pay overtime and to pay for all hours worked. Defendants refused to remedy these repeated and willful violations.

## COLLECTIVE ACTION ALLEGATIONS

34.     Plaintiffs incorporate by reference the foregoing allegations as if fully rewritten herein.

35.     Plaintiff brings Count One of this action on his own behalf and on behalf of all other persons similarly situated who have been, are being, and/or will be adversely affected by Defendants' unlawful conduct, pursuant to 29 U.S.C. § 216(b).

36.     The class that Plaintiff seeks to represent, and for whom Plaintiff seeks the right to send "opt-in" notices for purposes of the collective action, and of which Plaintiff  himself is a member, is comprised of and defined as:

> All former employees in the position of plumber and/or plumber's apprentice who worked for All Around Transportation, Inc. during the three years immediately preceding the date of the filing of this complaint.

37.     Plaintiff is unable to state at this time the exact size of the potential class but, upon information and belief, avers that it consists of at least twenty (20) persons.

38.     This action is maintainable as an "opt-in" collective action pursuant to 29 U.S.C. § 216(b) as to claims for unpaid wages, overtime compensation, liquidated damages, attorneys' fees and costs under the FLSA.

39.     In addition to Plaintiffs, numerous former employees are similarly situated to Plaintiffs with regard to their wages and claims for unpaid wages and damages. Plaintiffs are

representative of those other employees and is acting on behalf of their interests, as well as their own, in bringing this action.

40.     These similarly situated employees, who are known to Defendants and are easily identifiable through Defendants' payroll records, may readily be notified of this action and allowed to opt in pursuant to 29 U.S.C. § 216(b), for the purpose of collectively adjudicating their claims for unpaid wages, overtime compensation, liquidated damages, attorneys' fees, and costs under the FLSA.

**COUNT ONE**
**(FLSA Overtime Violations – FLSA Collective)**

41.     Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

42.     The FLSA requires that "non-exempt" employees receive overtime compensation of "not less than one and one-half times" the employees' "regular rate" of pay.  29 U.S.C. § 207(a)(1).

43.     Plaintiff and similarly situated employees should have been paid overtime wages in the amount of 150% of their normal hourly rate for all hours worked in excess of forty (40) hours per workweek.

44.     Defendants have engaged in a series of unlawful acts, practices, policies, and procedures in violation of the FLSA, including refusing and/or failing to calculate and pay Plaintiffs' overtime wages as required by federal law and failing to pay Plaintiffs' prevailing wage, where required.

45.     The above-described willful and systematic violation of the FLSA complained of by Plaintiff has similarly affected all other opt-in members of the collective action so that the claims of such members are common to and typical of each other.

46. Defendants' unlawful conduct directly and proximately caused Plaintiff, and all others similarly situated, to suffer damages for which they are entitled to judgment.

47. Defendants' violations have been willful and/or in reckless disregard of Plaintiff's and similarly situated employees' rights, and entitle Plaintiff and similarly situated employees to liquidated and/or punitive damages.

## COUNT TWO
### (Ohio Overtime Violations – FLSA Collective)

48. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

49. Defendants are employers covered by the overtime requirements set forth in the O.R.C. §4111.01, *et seq.*

50. As an employee for Defendants, Plaintiff and all similarly situated employees worked in excess of the maximum weekly hours permitted under O.R.C. § 4111.03, but were not paid overtime wages in the amount of one and one half (1.5x) her hourly rate of pay for this time spent working, as required by the O.R.C. § 4111.03.

52. Throughout Plaintiff's employment, Defendants have known that they are required to pay Plaintiff and all similarly situated employees for all hours worked. Defendants have also known that they are required to pay overtime wages at the rate of one and one half (1.5x) Plaintiff's hourly rate of pay. In spite of such knowledge, Defendants have willfully withheld and failed to pay the wages and overtime compensation to which Plaintiffs are entitled.

53. Pursuant to the OMFWSA, Plaintiff and all similarly situated employees are entitled to unpaid overtime wages.

54.     The exact amount of compensation, including overtime, which Defendants have failed to pay Plaintiff is unknown at this time, as many of the records necessary to make such precise calculations are in possession of Defendants.

55.     The OMFWSA requires employers to make, keep, and preserve records of the wages, hours, and other conditions and practices of employment, and to preserve such records. Plaintiff is entitled to review his records of hours worked to determine the exact amount of overtime owed by Defendants. Absent Defendants properly keeping these records as required by law, Plaintiffs are entitled to submit their information about the number of hours worked.

56.     Pursuant to the OMFWSA, Plaintiff and all similarly situated employees are entitled to relief, including unpaid wages and overtime wages, attorneys' fees, and costs incurred.

## COUNT THREE
### (Ohio Minimum Wage Violations---FLSA Collective)

57.  Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

58.  The OMFWA requires that employees receive a minimum hourly wage for all work their employers suffer, permit or require them to perform. O.R.C. chapter 4111; Art. II, Sec. 34a of the Ohio Constitution.

59.  Defendants failed to comply with the requirements of Ohio law, by paying employees less than the applicable minimum wage rate. O.R.C. chapter 4111; Art. II, Sec. 34a, Ohio Constitution.  Defendants further failed to comply with the requirements of Ohio law, by failing to pay employees for all hours worked.

60.     Defendants have engaged in a series of unlawful acts, practices, policies, and

procedures in violation of the OMFWA, including refusing and/or failing to calculate and pay Plaintiff minimum wages as required by federal law.

61.     The above-described willful and systematic violations of the OMFWA complained of by Plaintiff has similarly affected all other opt-in members of the collective action so that the claims of such members are common and typical of each other. The OMFWA provides an opt-in mechanism identical to and co-extensive with that provided in the FLSA, O.R.C. § 4111.14.

62.     Defendants' unlawful conduct directly and proximately caused Plaintiff, and all other similarly situated, to suffer damages for which they are entitled to judgment.

63.     Defendants' violations have been willful and/or in reckless disregard of Plaintiff's and similarly situated employees' rights, and entitle Plaintiff and similarly situated employees to liquidated/and or punitive damages.

## COUNT FOUR
## (FLSA Minimum Wage Violations---FLSA Collective)

64.  Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

65. Plaintiff brings this claim for violation of the FLSA's minimum wage provisions on behalf of himself and others "similarly situated" who are part of the FLSA Collective conditionally certified pursuant to 29 U.S.C. § 216(b).

66. The FLSA requires that "non-exempt" employees receive a minimum hourly wage for all work their employers suffer, permit or require them to perform. 29 U.S.C. § 206.

67. Based on improper tip deductions alleged herein, Defendants failed to calculate and Defendants failed to comply with the requirements of 29 U.S.C. § 206, by paying employees less than the applicable minimum wage rate. Defendants have engaged in a series of unlawful acts,

practices, policies, and procedures in violation of the FLSA, including refusing and/or failing to calculate and pay Plaintiff's minimum wages as required by federal law.

68. The above-described willful and systematic violations of the FLSA complained of by Plaintiff has similarly affected all other opt-in members of the collective action so that the claims of such members are common to and typical of each other.

69. Defendants' unlawful conduct directly and proximately caused Plaintiff, and all others similarly situated, to suffer damages for which they are entitled to judgment.

70. Defendants' violations have been willful and/or in reckless disregard of Plaintiff's and similarly situated employees' rights, and entitle Plaintiff and similarly situated employees to liquidated and/or punitive damages.

## COUNT FIVE
### (Ohio Breach of Contract Claim)

71.     Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

72.     Plaintiff was to be paid by an agreement, a specific amount of compensation.

73.     Plaintiff was to be paid in accordance with State and Federal requirements, including the payment at the prevailing wage rate where required.

74.     Plaintiff worked for Defendants on the basis that he would be paid for all hours worked and in accordance with the requirements of state and federal law, including, but not limited to, the payment of overtime wages, prevailing wages when required, and the prompt payment of all wages.

75.     Defendants accepted the benefits of Plaintiff and the other similarly situated employees under this contract, and then did not pay Plaintiff and the other similar situated employees the compensation to which they were entitled.

76.     As a direct result of Defendants' conduct, Defendants breached the terms of Plaintiff's contract, and Plaintiff has suffered damages.

## COUNT SIX
### (Ohio Prompt Pay Act Violations)

77.      Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

78.     O.R.C. § 4113.15 requires Defendants to pay their employees all wages due within the time specified under Ohio law.

79.     Defendants knowingly and improperly failed to pay their employees all wages due within the time specified under Ohio law.

80.     Defendants knowingly and improperly failed to pay Plaintiff and similarly situated employees all wages due during each pay period in which they worked.

81.     Defendants failure to pay Plaintiff and similarly situated employees all wages due constitutes a violation of O.R.C. § 4113.15.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs and all those employees similarly situated collectively pray that this Honorable Court:

A.     Designate this action as a collective action on behalf of all similarly situated individuals and promptly issue notice, pursuant to 29 U.S.C. § 216(b), to those individuals  to apprise them of this pending action and permit them to assert timely FLSA claims in this action by filing individual consent forms pursuant to 29 U.S.C. § 216(b);

B.      Find that Plaintiff and the FLSA Collective are non-exempt employees entitled to protection under the FLSA;

C.      Enter Judgment that Defendants' practices violate the FLSA;

D.      Enter Judgment against Defendants in the amount of Plaintiff's and the FLSA Collective's unpaid back wages at the applicable overtime rates, and an equal amount as liquidated damages;

E.      Find that Defendants' FLSA violations were willful;

F.      Award Plaintiff and all similarly situated individuals all costs and attorneys' fees incurred in prosecuting this action;

H.      Award prejudgment interest to Plaintiff and all similarly situated individuals (to the extent liquidated damages are not awarded);

I.      Grant leave to add additional plaintiffs by motion, by filing additional consent forms or any other method approved by the Court;

J.      Award compensatory, economic, and liquidated damages against all Defendants in an amount in excess of $100,000.00 to be proven at trial to fully compensate Plaintiff for injuries caused by the Defendants;

K.      For all such further relief as the Court deems equitable and just.


                  Respectfully submitted,


                  s/Joseph F. Scott
                  Joseph F. Scott (0029780)
                  Ryan A. Winters (0086917)
                  SCOTT & WINTERS LAW FIRM, LLC
                  815 Superior Ave. E. Ste. 1325
                  Cleveland, OH 44114
                  Telephone:  440-498-9100
                  rwinters@ohiowagelawyers.com
                  Attorneys for Plaintiffs

## **JURY DEMAND**

Plaintiff hereby demands a trial by jury on all issues so triable.

s/ Joseph F. Scott
Joseph F. Scott (0029780)